LUIS A. CARRILLO, Esq. SBN 70398
MICHAEL S. CARRILLO, Esq. SBN 258878
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiff
RHONDA HAGWOOD

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RHONDA HAGWOOD,**<br><br>PLAINTIFF,<br><br>v.<br><br>**KERN COUNTY, a California municipal entity; NICK EVANS, an individual; TODD NEWELL, an individual; and DOES 1 THROUGH 10, Inclusive.**<br><br>Defendants. | **CASE NO:**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Negligence (Wrongful Death)<br>2. Battery (Wrongful Death)<br>3. Violation of Federal Civil Rights (42 U.S.C. § 1983)<br>4. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>5. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>6. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**[DEMAND FOR JURY TRIAL]** |

## COMPLAINT FOR DAMAGES

Plaintiff RHONDA HAGWOOD, individually, and as successor in interest to Nicholas Lovett, Deceased for his Complaint against Defendants KERN COUNTY, NICK EVANS, TODD NEWELL, and DOES 1-10, inclusive, and allege as follows:

# JURISDICTION AND VENUE

1. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in the Eastern District of California, and all incidents, events, and occurrences giving rise to this action occurred in the Eastern District.

## II.

## PARTIES

3. Nicholas Lovett (hereinafter "Decedent") is the Decedent. Mr. Lovett died on December 13, 2017 in the 24400 block of Joshua Avenue, Boron, CA.

4. Plaintiff RHONDA HAGWOOD (Plaintiff "Hagwood") is the decedent's natural mother and brings survival claims in a representative capacity on the decedent's behalf as his lawful successor-in-interest pursuant to California Code of Civil Procedure § 377.30 and § 377.60. Plaintiff Hagwood also brings claims on her own behalf in her individual capacity for wrongful death.

5. At all relevant times, Plaintiff RHONDA HAGWOOD was and is a resident of the State of California.

6. Defendant KERN COUNTY ("KERN") is, and was a municipal corporation existing under the laws of the State of California. KERN is a chartered subdivision of the State of California with the capacity to be sued. KERN is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the KERN County Sheriff's Office and its agents and employees. At all relevant times, Defendant KERN was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied

with the laws of the United States and of the State of California. At all relevant times, KERN was the employer of Defendants Newell, Evans, and Defendant DOES 1-10. The KERN COUNTY SHERIFF'S OFFICE ("KCSO") was and is a subdivision of KERN.

7. At all relevant times, Defendant Nick EVANS was a deputy sheriff with the Kern County Sheriff's Department.

8. At all relevant times, Defendant Todd NEWELL was a deputy sheriff with the Kern County Sheriff's Department.

9. At all times relevant hereto, DOES 1 through 10, were residents of KERN County, and at all times mentioned herein were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of KERN County Sheriff's Department, and under the color of the statutes, regulations, and laws of the State of California. Said defendants were acting within their capacity as employee, agent, representative and servant of the Defendant KERN.

10. Defendants DOES 1 through 10, as duly sworn peace Deputies, were specifically authorized by defendant KCSO to perform the duties and responsibilities of sworn Deputies and law enforcement Deputies of the KERN, and all acts hereinafter complained of were performed by each of them within the course and scope of their duties as Sheriff's Deputies for Defendant KERN, and as law enforcement Deputies for the KCSO. DOES 1 through 10 are also sued herein in their individual capacity and in their official capacity as peace Deputies of the KCSO. Defendant KERN and the KCSO encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the acts and omissions complained of herein.

11. The true names, identities or capacities, whether individual, associate, corporate, or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time, who therefore sue said defendants by such fictitious names. Plaintiff is informed and believe that each of the defendants sued herein as a DOES are legally responsible in some manner for the events and happenings that caused the decedent's death. Plaintiff will amend the complaint to name the DOE Defendants when their true names, identities or capacities are ascertained.

12. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

13. At all times mentioned herein, each and every Defendant was the agent and/or employee of each other acting within the scope and purpose of said agency and employment and under color of law.

## III.
## FACTS COMMON TO ALL CAUSES OF ACTION

14. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

15. On December 13, 2017, Nicholas Lovett ("Decedent") was wrongfully killed by Defendants EVANS and NEWELL, KCSO Deputies, who unjustifiably used excessive deadly force on an unarmed and defenseless man.

16. Prior to the killing of Decedent, Deputies EVANS and NEWELL responded and encountered Decedent, who was unarmed and was screaming out for assistance from an ambulance.

17. While Deputies EVANS and NEWELL were on the scene, Decedent followed commands of the deputies and did not pose an immediate threat of harm against Deputies EVANS and NEWELL.

18. Even though Decedent did not pose any threat to Deputies EVANS or NEWELL, both Deputies used excessive and unreasonable force without justification when handling Decedent and which caused his death.

19. At the time of the killing of Decedent, he was unarmed, had not threatened anyone, was not about to harm anyone, and posed no imminent threat of death or serious bodily injury to anyone. As a result of the excessive use of deadly force, Decedent endured severe pain and suffering including cerebral swelling with uncal and tonsillar herniation, rib fractures, subgaleal hemorrhage, and other severe trauma.

20. Plaintiff is informed and believes that KERN and the KCSO were obligated to provide proper training to its deputies and employees. The intentional and negligent conduct of DOES 1-10 was a result of the negligent employment, negligent supervision, negligent retention, and negligent training, by Defendant KERN.

21. The intentional, reckless, negligent, and unjustified use of deadly force by the KCSO Deputies and DOES 1-10, was a result of the negligent employment, negligent retention, negligent supervision, and negligent training of the KERN. The intentional, reckless, negligent, and unjustified use of deadly force by the KCSO Deputies and, DOES 1-10, was a result of the negligent training of said Deputies by Defendant KERN who failed to train KCSO Deputies as to proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. KERN was and is responsible for the training of KCSO Deputies to ensure that the actions, procedures, and practices of said Deputies complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, and proper use of deadly force.

22. Defendants KERN and DOES 1-10 negligently failed to train KCSO Deputies as to POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. Peace Officer Standards and Training was established by the California Legislature in 1959 to set minimum selection and training standards for California law enforcement officers. Defendant KERN, the Chief, Commanders, and high ranking supervisors, ratify, condone, and acquiesce in the negligent and/or excessive use of force by its police Deputies, acting under color of law. Defendant KERN, the Chief, Commanders, and high ranking supervisors, ratify, condone, and acquiesce in the filing of false police reports to "cover up" the negligent and/or excessive use of force; and ratify, condone, and acquiesce, in the falsification of evidence, the "planting" of evidence to "cover up" the negligent and/or excessive use of force, and other Sheriff's Department misconduct.

23. Plaintiff is informed and believes that KERN and KCSO lacked appropriate procedure, policy and training on how to effectuate a proper detention of a person who was screaming out for medical assistance and should have used other less deadly,

reasonable methods to detain Decedent other than by using deadly and unreasonable force which killed him.

24. Plaintiff is informed and believes that the Decedent's demise came about as a result of the KERN, KCSO, EVANS, NEWELL, and DOES 1-10's lack of implementation of proper procedure and training. Had the Defendants been properly trained, and had such training been properly implemented, this incident would have been avoided.

25. Plaintiff is informed and believes that prior to the killing of Decedent, Defendants failed to ascertain whether or not the Decedent was a threat to himself or others, or whether there was any immediate threat of death or serious bodily injury to others.

26. The use of deadly force against Decedent was excessive and objectively unreasonable under the circumstances, surrounded by uniformed Deputies and a neighbor, Decedent was unarmed and did not pose an immediate threat of death or serious bodily injury to anyone at the time of the killing.

27. Defendants did not timely summon medical care or permit medical personnel to treat Decedent. The delay of medical care to Decedent caused Decedent extreme physical and emotional pain and suffering, and was a contributing cause of Decedent's serious injuries and his ultimate death.

28. As a direct and proximate result of all Defendants acts and omissions, Plaintiff has suffered the loss of love, affection, society, support, services, and loss of financial support of her son.

29. On or about January 2, 2018, Plaintiff filed a claim pursuant to Section 910 of the Government Code of the State of California with Defendant KERN. The Claim was filed on behalf of plaintiff as an individual and on behalf of the Decedent for his survival claims. Defendant KERN notified Plaintiff, through her counsel, on February 20, 2018 that there was no action taken on the claim and that the claim was deemed rejected by operation of law forty five days after the claim was presented.

## FIRST CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 810 and California Common Law)

### (Wrongful Death)

(By Plaintiff Against All Defendants)

30. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

31. KCSO Deputies EVANS, NEWELL, and DOES 1-10, have a duty to use reasonable care to prevent harm or injury to others. This duty includes, among other things, using appropriate tactics, giving appropriate commands and warnings, not using force unless necessary, using less then lethal options, and only using deadly force as a last resort.

32. On or about December 13, 2017, Defendant KERN, and KCSO Deputies, EVANS, NEWEL, and DOES 1-10, were acting within the course and scope of their employment with the KCSO when they used excessive and deadly force when they killed Decedent.

33. Defendants EVANS, NEWELL, and DOES 1-10 knew that by acting as sworn Deputies under the color of law, they were charged with ensuring the safety and well-being of Decedent. The actions and inaction of Defendants EVANS, NEWELL, and DOES 1-10 were negligent and reckless, including but not limited to:

   a. the failure to properly and adequately assess the need to detain, arrest, and use force, including deadly force, against Decedent;
   b. the negligent tactics and handling of the situation with Decedent;
   c. the use of deadly force when none was necessary;
   d. the negligent detention, arrest, and use of force, including deadly force, against Decedent;
   e. the failure to provide and/or summon prompt medical care to Decedent;
   f. the failure to properly train and supervise employees, both professional and non-professional;
   g. the negligent communication of information during the incident;

  h. the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent; and

  i. the negligent handling of evidence and witnesses.

34. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. Also as a direct and proximate result of Defendants' conduct as alleged above, Decedent suffered extreme pain and suffering. Plaintiff HAGWOOD also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of his natural life.

35. Defendant KERN is vicariously liable for the wrongful acts of EVANS, NEWELL, and DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

36. Plaintiff also seek attorneys' fees and recovery of funeral and burial expenses and a loss of financial support.

## SECOND CLAIM FOR RELIEF
### Battery (Cal. Govt. Code § 810 and California Common Law)
### (Wrongful Death)
### (By Plaintiff Against All Defendants)

37. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

38. Defendants EVANS, NEWELL, and DOES 1-10, while working as KCSO Deputies for KERN, and acting within the course and scope of their duties, surrounded the Decedent and used unreasonable and unnecessary deadly force when attempting to detain Decedent. As a result of said Defendants' actions, Decedent endured severe pain and suffering and ultimately died from his injuries. KERN Deputies, including EVANS, NEWELL, and DOES 1-10 had no legal justification for using force against Decedent,

and said defendant's use of force while carrying out their official duties were an unreasonable use of force, especially since Decedent was unarmed and was not a threat to the safety of Deputies EVANS and NEWELL or to any other person.

39. As a direct and proximate result of defendant's conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent, and will continue to be so deprived for the remainder of her natural life. Plaintiff also is claiming funeral and burial expenses and a loss of financial support.

40. KERN is vicariously liable for the wrongful acts of KCSO, including EVANS, NEWELL, and Does 1-10, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

41. Plaintiff is seeking wrongful death damages under this claim.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF FEDERAL CIVIL RIGHTS [42 U.S.C. § 1983])

(Against All Defendants and DOES 1-10)

42. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

43. This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiff by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

44. Defendants EVANS, NEWELL, and Does 1 through 10, and each of them, owed a duty of ordinary care to avoid harm to Mr. Lovett.

45. Plaintiff contends and herein alleges that Defendant EVANS, NEWELL, and Does 1 through 10, and each of them, breached these aforementioned duties, either negligently or intentionally, in relation to all their interactions with Mr. Lovett, on

December 13, 2017, including, but not limited to, the use of excessive and deadly force upon Mr. Lovett while he was unarmed and while he was screaming for help from an ambulance.

46. Plaintiff contends and herein alleges that Defendants EVANS, NEWELL, and Does 1 through 10, and each of them, breached these aforementioned duties, which constituted violations of the civil rights of the Decedent Nicholas Lovett in violation of 42 U.S.C. § 1983 of the Fourth and Fourteenth Amendments of the United States Constitution.

47. Plaintiff contends and herein alleges that Defendants EVANS, NEWELL, and Does 1-10 intentional use of excessive and deadly force upon Mr. Lovett, who was unarmed and who was screaming for assistance from an ambulance, was the legal cause of Mr. Lovett's death on December 13, 2017.

48. On December 13, 2017, Defendant EVANS, NEWELL, and Does 1 through 10, and each of them, violated Mr. Lovett's civil rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, cruel and unusual punishment, nor the deprivation of life and liberty and denial of due process of law. The violation was under color of State and Federal law. Defendant EVANS, NEWELL, and Does 1 through 10, and each of them, acted in violation of the Fourth, Eighth and Fourteenth Amendment of the United States Constitution when Mr. Lovett was subjected to excessive force and killed by Defendant KERN's Deputies and employees.

49. DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

50. As a result of the uses of excessive force by KCSD, Decedent died. Plaintiff HAGWOOD was thereby deprived of his constitutional right of familial relationship with DECEDENT.

COMPLAINT FOR DAMAGES

51. Defendants EVANS, NEWELL, and Does 1-10, and each of their actions as aforesaid directly and proximately caused injuries and damages to Plaintiff, as set forth herein.

52. Defendants EVANS, NEWELL, and Does 1-10, are individually liable for the violation of Mr. Lovett's and Plaintiff's Civil Rights apart and aside from the customs, policies and practices of the Kern County Sheriff's Office.

53. As a direct and proximate result of the conduct of Defendants EVANS, NEWELL, and Does 1-10 and employees, named as Does 1 through 100, and each of them, Mr. Lovett suffered the following injuries and damages for which Plaintiff may recover:

   a. Violation of Mr. Lovett's Constitutional Rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person, cruel and unusual punishment, nor the deprivation of life and liberty and denial of due process of law;
   b. Loss of life of Mr. Lovett, including the value of his life;
   c. Conscious physical pain, suffering and emotional trauma during the incident on December 13, 2017.

54. As a direct and proximate result of the conduct of Defendant Deputies EVANS, NEWELL and Does 1 through 10, and each of them, Plaintiff suffered the following injuries, including but not limited to the loss of love, aide, comfort and society due to the death of her son, according to proof; and the loss of economic support from her son.

55. Plaintiff is entitlted to an awared of attorneys' fees, costs and expenses under 42 U.S.C. § 1983, as a result of Defendant EVANS, NEWELL, and Does 1 through 10, inclusive, violation of Mr. Lovett's and Plaintiff's Civil Rights.

## FOURTH CLAIM FOR RELIEF
**Municipal Liability – Failure to Train (42 U.S.C. § 1983)**
(By Plaintiff Against Defendants KERN)

56. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

57. The training by Defendant KERN, through the KCSO, was not adequate to train its employees, agents, and staff to handle the usual and recurring situations with which they must deal, such as recognizing the medical needs of a person screaming for help and how to properly detain that person without the use of excessive and unreasonable force.

58. Defendant KERN's deputies acted under color of law on the day of the December 13, 2017 incident.

59. The acts of Defendant KERN and KCSO deprived Decedent and Plaintiff of particular rights under the United States Constitution.

60. The training policies of Defendant KERN were not adequate to train its Deputies to handle the usual and recurring situations with which they must deal.

61. Defendant KERN was deliberately indifferent to the obvious consequences of their failure to train KCSO Deputies adequately.

62. The failure of Defendant KERN to provide adequate training caused the deprivation of the Plaintiff's rights by Defendants; that is, the defendant's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

63. By reason of the aforementioned acts and omissions, Plaintiff HAGWOOD has suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and past and future support of Decedent. The aforementioned acts and omissions also caused Decedent's pain and suffering, loss of enjoyment of life, and death.

64. Accordingly, Defendants KERN, EVANS, NEWELL, and DOES 1-10 each are liable to Plaintiff for compensatory damages, and punitive damages, except as to Defendant KERN, including survival damages (for the decedent's loss of life, loss of enjoyment of life, and pre-death pain and suffering) and wrongful death damages (the life-long deprivation of the decedent's comfort, support, society, care and sustenance) under

42 U.S.C. § 1983 and California Code of Civil Procedure § 377.30 and § 377.60. Plaintiff also seeks reasonable attorneys' fees pursuant to 28 U.C.S. § 1988, costs and interest.

### FIFTH CLAIM FOR RELIEF
### Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)
(Against Defendants KERN and DOES 1-10)

65. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

66. The actions and inaction of Defendant KERN and DOES 1-10, in failing to provide adequate training of Defendant Deputies EVANS and NEWELL led to the death of Decedent.

67. On information and belief, Defendant KERN Deputies' killing of Decedent, who was unarmed when he was shot, was found to be within KSCD policy.

68. On information and belief, Defendant KERN Deputies' killing of Decedent, who was unarmed when he was shot, was ratified by KERN and its supervisorial Deputies, including but not limited to Sheriff, Donny Youngblood.

69. On information and belief, Defendant KERN Deputies, were not disciplined for fatally shooting Decedent who was unarmed when he was shot.

70. On and for some time prior to December 13, 2017 (and continuing to the present date) Defendant KERN and DOES 1-10, deprived Plaintiff and Decedent of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and Decedent, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

    (a)    employing and retaining as KERN Deputies and other personnel, who Defendant KERN and DOES 1-10, at all times material herein knew or reasonably should have known had dangerous propensities for abusing

their authority and for mistreating citizens by failing to follow written KCSO policies, including the use of excessive force;

 (b) of inadequately supervising, training, controlling, assigning, and disciplining KERN Deputies, and other personnel, who Defendants KERN knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

 (c) by maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendant KERN Deputies;

 (d) by failing to discipline KERN Deputies conduct, including but not limited to, unlawful detention and excessive force;

 (e) by ratifying the intentional misconduct of Defendant KERN Deputies;

 (f) by having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 1-10, were done with a deliberate indifference to individuals' safety and rights; and

 (g) by failing to properly investigate claims of unlawful detention and excessive force by KERN Deputies.

71. By reason of the aforementioned policies and practices of Defendant DOES 1-10, Decedent was severely injured and subjected to pain and suffering and lost his life.

72. Defendant KERN and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate

indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiff, and other individuals similarly situated.

73. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendant KERN and DOES 1-10, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT'S and Plaintiff's constitutional rights. Defendant KERN and DOES 1-10, actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

74. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendant KERN and DOES 1-10, were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

75. By reason of the aforementioned acts and omissions of Defendants DOES 1-10, Plaintiff was caused to incur funeral and related burial expenses, and loss of financial support.

76. By reason of the aforementioned acts and omissions of Defendant KERN and DOES 1-10, Plaintiff has suffered loss of love, companionship, affection, comfort, care, society, and future support.

77. Accordingly, Defendant KERN and DOES 1-10 are liable to Plaintiff for compensatory damages, and punitive damages, except as to Defendant KERN, including survival damages (for the decedent's loss of life, loss of enjoyment of life, and pre-death pain and suffering) and wrongful death damages (the life-long deprivation of the decedent's comfort, support, society, care and sustenance) under 42 U.S.C. § 1983 and California Code of Civil Procedure § 377.30 and § 377.60. Plaintiff also seeks reasonable attorneys' fees pursuant to 28 U.S.C. §1988, costs, and interest.

//
//
//
//

## SIXTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(By all Plaintiff against all Defendants)

78. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

79. California Civil Code, Section 52.1 (the Bane Act), applies to this complaint with the same force and effect as fully set forth herein:

    a. If a person or person, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals or rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state... a civil action for injunctive and other appropriate equitable relief may be brought.

    b. Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

80. In doing the acts alleged in this complaint, Defendant KERN and its Deputies, including but not limited to EVANS and NEWELL, attempted to and in fact intentionally interfered with, by use of threats, intimidation and coercion, Mr. Lovett's civil rights to be free from detention using excessive force, as secured by Civil Code Section 52.1 and the Constitution of the State of California by committing violent acts with malice and oppression with the intent of depriving Mr. Lovett of his rights, as described herein, thus entitling Plaintiff to recover damages pursuant to Civil Code Section 52, subd., (b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment in their favor and against Defendants KERN, EVANS, NEWELL, and DOES 1-10, inclusive, as follows:

A. For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B. For funeral and burial expenses, and loss of financial support;

C. For interest;

D. For other general damages in an amount according the proof at trial;

E. For other special damages in an amount according to proof at trial;

F. For punitive damages to Defendants EVANS, NEWEL, and DOES 1-10 only.

G. For reasonable costs of this suit and attorneys' fees; and

H. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: August 10, 2018                           CARRILLO LAW FIRM, LLP

By: _____

Luis A. Carrillo, Esq.,
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff named herein hereby demands a trial by jury.

Dated: August 10, 2018              CARRILLO LAW FIRM, LLP

By: _____
Luis A. Carrillo, Esq.,
Attorneys for Plaintiff