**MARGO A. RAISON, COUNTY COUNSEL**
**Andrew C. Thomson, Chief Deputy (SBN 149057)**
**By: Kathleen Rivera, Deputy (SBN 211606)**
**Kern County Administrative Center**
**1115 Truxtun Avenue, Fourth Floor**
**Bakersfield, CA 93301**
**Telephone 661-868-3800**
**Fax 661-868-3805**

**Attorneys for Defendants, County of Kern**
**Nick Evans and Todd Newell**

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RHONDA HAGOOD** | ) Case No.: 1:18-CV-01092 JLT |
| **Plaintiff,** | ) |
| v. | ) STIPULATION FOR AND [PROPOSED] |
| | ) PROTECTIVE ORDER FOR DISCOVERY |
| **KERN COUNTY, a California municipal entity; NICK EVANS, an individual; TODD NEWELL, and individual; and DOES 1 THROUGH 10, Inclusive.** | ) MATTERS |
| | ) (Doc. 22) |
| **Defendants.** | ) |

COME NOW, all Plaintiffs and all Defendants (hereinafter the "Parties") to this matter, and agree and stipulate to a Protective Order, as follows:

1. WHEREAS it is anticipated that Plaintiffs will request portions of the private personnel records of law enforcement members of the Kern County Sheriff's Office ("KCSO"), which qualify as peace officer records under California Penal Code §§ 832.7 and 832.8, and KCSO will be requested to produce the records in discovery;

1

2. WHEREAS the parties agree that discovery of the private personnel records of law enforcement members of the KCSO may be relevant to this action;

3. WHEREAS Defendants are concerned that turning over the KCSO private personnel records without a protective order could result in the violation of the privacy rights of KCSO Deputies including but not limited to those who are parties to this litigation. Further the Defendants do not waive their right to assert certain portions of the personnel files of KCSO Deputies as not relevant to this subject matter and to request an *in camera* proceeding by the court to determine relevance prior to disclosure;

4. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Plaintiffs' need for relevant discovery, KCSO's duty as steward of the records, and the privacy rights of the KCSO Deputies including but not limited to those who are parties to this litigation;

5. WHEREAS it is anticipated that Plaintiffs will request portions of the investigation reports, records and evidence, including coroner's records and autopsy photos prepared during the investigation of the underlying incident by law enforcement members of the Kern County Sheriff's Office (hereinafter "investigation records"), and KCSO will be requested to produce the records in discovery;

6. WHEREAS the parties agree that discovery of the investigation records may be relevant to this action;

7. WHEREAS Defendants are concerned that turning over the investigation records without a protective order could result in the violation of the privacy rights of witnesses, Decedent, Plaintiffs and/or KCSO Deputies including, but not limited to, those who are parties to this litigation, and of the investigation privilege;

8. WHEREAS the parties agree that a Stipulated Protective Order is necessary to balance Plaintiffs' need for relevant discovery, KCSO's duty as steward of the records, and the

privacy rights of witnesses, Decedent, Plaintiffs and/or KCSO Deputies including, but not limited to, those who are parties to this litigation;

**SUBJECT TO THE APPROVAL OF THIS COURT, THE PARTIES HEREBY STIPULATE TO THE FOLLOWING PROTECTIVE ORDER:**

9. In connection with discovery proceedings in this action, the parties designate the KCSO's personnel records regarding their Deputies including, but not limited to, those who are parties to this litigation, as CONFIDENTIAL.

10. In connection with discovery proceedings in this action, the parties designate the investigation reports, records and evidence prepared during the investigation of the underlying incident by law enforcement members of the Kern County Sheriff's Office, which is not otherwise available to the public through a public records request, as CONFIDENTIAL.

11. By designating the above matters as CONFIDENTIAL, the Parties certify to the Court that there is a good faith basis both in law and in fact for the designations within the meaning of Federal Rule of Civil Procedure 26(c).

12. Material designated as CONFIDENTIAL under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

13. CONFIDENTIAL material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(a) a named party, to which only CONFIDENTIAL material specifically related to the named party shall be disclosed;

(b) experts and/or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) any other person as to whom the parties in writing agree.

(f) The receiving party's outside counsel of record in this action, as well as employees of said outside counsel of record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A;

14. CONFIDENTIAL material shall not be provided to the news media directly or indirectly in any form or manner.

15. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of the discovery process in this action, whether or not such material is also obtained through discovery in this action.

16. If a party wishes to file documents with the Court, which contain material designated as confidential, the party shall comply with Local Rules 140 and 141.

17. This Order shall be without prejudice to the right of the parties (a) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (b) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

18. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, or in the production of any information or document under the terms of this Order, or any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

19. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder;

20. Upon termination of this case, counsel for each Party shall assemble and return to opposing counsel all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

21. Any person, or persons, violating this order shall be subject to sanctions and all attorney's fees and costs associated with any related motion.

22. To the extent that the parties have already exchanged discovery in this matter, the parties agree and stipulate that the following materials are subject to this stipulated protective order:

- Kern County Coroner's Report including photographs

- Photographs of Deputy and Evans and Deputy Newell taken at the Mojave substation following the incident which is the subject of this lawsuit

///

///

///

Dated: September 3, 2019         MARGO A. RAISON, COUNTY COUNSEL

                                 By:     /s/ Kathleen Rivera
                                         KATHLEEN RIVERA, ESQ.
                                         Attorneys for the Defendants

Dated: September 3, 2019         CARRILLO LAW FIRM, LLP

                                 By:     /s/ Michael S. Carrillo
                                         MICHAEL S. CARRILLO, ESQ.
                                         Attorneys for the Plaintiff

IT IS SO ORDERED.

   Dated:  **September 4, 2019**              **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the Superior Court of California, County of Kern, in *Hagood v. County of Kern, et al.,* Case No. *1:18-CV-01092 JLT*.

I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any matter any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California, for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print/type full name] of _____ [print/type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State were sworn and signed: _____

Printed name: _____

Signature: _____