**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RHONDA HAGWOOD, et al., </br></br>  Plaintiffs, </br></br> v. </br></br> KERN COUNTY, et al., </br></br>  Defendants. | Case No.: 1:18-cv-01092-JLT </br></br> ORDER GRANTING MOTION TO COMPEL NON-PARTY DEPONENTS; ORDER STAYING CASE </br></br> (Doc. 32) |

Rhonda Hagwood alleges Todd Newell and Nick Evans, Deputies with the Kern County Sheriff's Department, used excessive force that resulted in the death of Nicholas Lovett and seeks to hold them liable for a violation of her civil rights in this action under 42 U.S.C. § 1983. Ms. Hagwood moves to compel non-party witnesses Daniel Garcia and Sarah Fernandez to testify at a deposition. (Doc. 32.) In a joint statement included with the motion, the parties state that they are in agreement with the motion to compel and the basis for the motion. (Doc. 32 at 8.) For the reasons set forth below, Plaintiff's motion to compel is **GRANTED**.

**I.     Relevant Background**

This is a civil rights action under 42 U.S.C. § 1983 brought by Plaintiff, against Kern County, Deputy Todd Newell and Deputy Nick Evans. (Doc. 32 at 3.) Plaintiff is alleging a violation of various rights under the United States Constitution stemming from the excessive use of force that resulted in the death of Nicholas Lovett, the decedent. (Doc. 32 at 3.) The incident that is the subject of the

1

lawsuit occurred on December 13, 2017 in Kern County. (Doc. 32 at 3.) According to Plaintiff, Todd Newell and Nick Evans, who were acting as agents for Defendant, Kern County, used excessive deadly force that resulted in Nicholas Lovett's death. (Doc. 32 at 3.) Plaintiffs are seeking compensatory damages, exemplary damages, punitive damages against the individual defendants, and attorney's fees. (Doc. 32 at 3.)

Plaintiff reports that on September 16, 2019, she served non-party witness Daniel Garcia and Sarah Fernandez a subpoena to testify at a deposition. (Doc. 32 at 3.) However, Daniel Garcia appeared at the deposition on October 4, 2019 and refused to submit to the process. (Doc. 32 at 3.) Also on October 4, 2019, Plaintiff reports that Sarah Fernandez also sat in on the meeting and told attorneys that she refused to submit to the process and refused to answer any questions. (Doc. 32 at 3-4.)

On November 22, 2019, Plaintiff filed a motion to compel Daniel Garcia and Sarah Fernandez for their deposition. (Doc. 32.) The parties included a joint statement regarding the discovery disagreement, stating that "[t]he parties, through their counsel, met and conferred by email and both are in agreement with the motion to compel and the basis for the motion to compel the non-party to appear and answer questions." (Doc. 32 at 8.) They state that both Plaintiff and Defendants are in agreement that this motion was necessary and that court intervention is needed to compel both Daniel Garcia and Sarah Fernandez for their deposition. (Doc. 32 at 8.)

Subsequently, the parties filed a joint stipulation to continue the motion to compel because Plaintiff's counsel needed more time to effectuate proper service of the motion to compel upon the non-party witnesses Daniel Garcia and Sarah Fernandez. (Doc. 36 at 1-2.) On December 12, 2019, the Court granted the joint stipulation to continue the motion to compel. (Doc. 38.)

On January 8, 2020, Plaintiff filed a declaration of private investigator JR Rodriquez regarding the personal service efforts of the notice of motion and motion to compel to Daniel Garcia and Sarah Fernandez. (Doc. 41.) However, Plaintiff failed to file an additional proof of service. As stated in the private investigator's declaration, Mr. Rodriguez attached the documents to the Christmas wreath that was attached to the front door of the residence of Daniel Garcia and Sarah Fernandez, left the neighborhood and upon returning, saw the documents were no longer on the door. (Doc. 41 at 2-3.)

Plaintiff failed to provide proof of receipt of the documents, and his effort did not comply with any rule for effecting service. Accordingly, the Court ordered that Plaintiff file certificates of service of the motion to compel upon the non-party deponents. (Doc. 42 at 2.) On January 14, 2020, Plaintiff filed proof of service by mail. (Doc. 43.)

## II. Discovery and Requests

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

### A. Request to Compel Testimony

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, "[a] party may, by oral questions, depose any person, including a party, without leave of court" by serving proper notice. If "a deponent fails to answer a question asked under Rule 30 or 31," the propounding party may make a motion to compel an answer. Fed. R. Civ. P. 37(a)(3)(B)(i). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

The Court is authorized to issue sanctions for a party's failure to appear for a deposition under Rule 37(d), which provides in relevant part: "if a party . . . fails, after being served with proper notice, to appear for that person's deposition. . . [s]anctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Such orders include striking pleadings, dismissing the action, or other "just orders." Fed. R. Civ. P. 37(b)(2)(A).

**B.      Subpoenas for Deposition**

Under Rule 45 of the Federal Rules of Civil Procedure, a subpoena may be issued requiring a nonparty to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A). In addition, any party may serve a subpoena that commands a non-party "to produce documents, electronically stored information, or tangible things . . ." Fed. R. Civ. P. 45(a)(1)(C). Subpoenas are subject to the relevance requirements of Rule 26(b), and therefore may command the production of documents which are "nonprivileged [and] . . . relevant to a party's claim or defense." Fed. R. Civ. P. 26(b)(1).

Once a nonparty has been properly served with a Rule 45 subpoena, the nonparty "may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Civil Rule 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Civil Rule 45(c)(3)." In re Plise, 506 B.R. 870, 878 (2014) (citation omitted). If a nonparty serves a written objection to the subpoena, the party seeking the deposition must obtain a court order that directs the nonparty to comply with the subpoena. Id. (citations omitted). Even if a nonparty does not serve a written objection or move to quash, "the more prudent practice for the court is to issue such an order before entertaining a motion for contempt." United States Sec. Exch. Comm'n. v. Hyatt, 621 F.3d 687, 694 (7th Cir. 2010) (citation omitted).

**III.    Discussion and Analysis**

Plaintiff asserts that Daniel Garcia and Sarah Fernandez are fact witnesses with personal knowledge of the events leading up to the death of Nicholas Lovett, including the alleged use of excessive force. (Doc. 32 at 6.) Plaintiff contends that Daniel Garcia's and Sarah Fernandez's statements are relevant to the prosecution of this case. (Doc. 32 at 6.) According to Plaintiff, on December 13, 2017, the date of the incident giving rise to this action, Daniel Garcia and Sarah Fernandez provided witness testimony to Kern County Sheriff's Department regarding their observations of the use of force by Deputy Evans and Deputy Newell. (Doc. 32 at 6.) Plaintiff also contends that "[s]ince this action is as a direct result of the alleged use of excessive deadly force on Nicholas Lovett by Deputies Evans and Newell, it is imperative that Plaintiff depose Daniel Garcia and Sarah Fernandez to provide their testimony regarding their statements made to the Kern County

Sheriff's department, and regarding their knowledge of the events surrounding the death of Nicholas Lovett." (Doc. 32 at 6.)

The Court finds that the depositions of the non-party witnesses would provide relevant evidence, as set forth by the Federal Rules of Civil Procedure and Evidence. Although the non-party witnesses appeared at their deposition, they refused to submit to the process, refused to be put under oath, and refused to answer questions. (Doc. 32 at 3-4, 8.) An evasive or incomplete disclosure, answer, or response to a discovery request must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). Given the lack of cooperation by the non-party deponents, the Court finds the non-party witnesses have failed to comply at their deposition within the meaning of Rule 37. Plaintiff's request to compel Daniel Garcia and Sarah Fernandez to appear and testify at their deposition is **GRANTED**.

## IV.     Conclusion and Order

Based upon the foregoing, the Court finds Daniel Garcia and Sarah Fernandez failed to testify at their deposition. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to compel is **GRANTED**;
2. Plaintiff **SHALL** serve a notice of deposition to Daniel Garcia and Sarah Fernandez within 21 days; and
3. Daniel Garcia and Sarah Fernandez **SHALL** appear and testify at the deposition as noticed;
4. The case is **STAYED**. **No later than March 5, 2020**, counsel **SHALL** file a joint report detailing the status of the depositions of Mr. Garcia and Ms. Fernandez and whether the stay should be lifted.

IT IS SO ORDERED.

Dated:   **February 13, 2020**                    **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE