UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA HAGWOOD, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>KERN COUNTY, *et al*.<br><br>Defendants. | Case No.  1:18-cv-01092-CDB<br><br>**PRETRIAL ORDER**<br><br>Motions *in limine*:<br>    File - March 10, 2023<br>    Respond - March 17, 2023<br>    Reply - March 24, 2023<br>    Hearing - April 7, 2023, at 9:00 AM<br><br>Jury instructions, proposed verdict form:<br>    Party-submitted - March 20, 2023<br>    Joint & Disputed - March 27, 2023<br>    Hearing – April 7, 2023, at 9:00 AM<br><br>List of discovery documents: April 3, 2023<br><br>Jury Trial: April 10, 2023, at 9:00 AM in the Bakersfield Courthouse, 510 19th Street (CDB) |

The Plaintiffs seek survivorship, wrongful death, and punitive damages for an alleged incident that occurred on December 13, 2017, in the 24400 block of Joshua Avenue, Boron CA.

**I.      JURISDICTION AND VENUE**

This Court has jurisdiction and venue is proper. This Court has subject matter jurisdiction over Plaintiffs' federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over Plaintiffs' supplemental state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same transactions and occurrence as Plaintiffs' federal question claims. Venue is proper because a substantial part of the events on which the claims arose occurred in this District.

## II. JURY TRIAL

Plaintiff has invoked her right to a jury trial under the Seventh Amendment to the United States Constitution as to all triable issues. Defendants also request a jury trial.

## III. UNDISPUTED FACTS

The following facts are uncontested by the parties.

    A. Nicholas Lovett is the Decedent.

    B. Kern County Sheriff's deputies were dispatched to the Desert Lake area of Kern County, regarding a welfare check and a peace disturbance incident involving a person, later identified as Nicholas Lovett.

    C. Mr. Lovett died on December 13, 2017 in the 24400 block of Joshua Avenue, Boron, CA.

    D. Kern County is and was municipal corporation existing under the laws of the State of California.

    E. The Kern County Sheriff's Department was and is a subdivision of the County of Kern.

    F. Nick Evans and Todd Newell were both deputy sheriffs with the Kern County Sheriff's Department on December 13, 2017 at the time of the incident at issue in this case.

    G. Nick Evans and Todd Newell were acting in the course and scope of their employment on December 13, 2017 at the time of the incident at issue in this case.

## IV. DISPUTED FACTUAL ISSUES

**PLAINTIFFS:**

    A. Plaintiffs allege that while in custody, Nicholas Lovett was subjected to the use of unreasonable and excessive force and restraint. As a result of the excessive force and restraint used against Lovett, Lovett was deprived of oxygen and killed by the Deputies.

    B. Plaintiffs allege that the acts and omissions of Defendants were a cause of Nicholas Lovett's pain and suffering, loss of enjoyment of life, and ultimate death.

2

C. Plaintiffs allege that actions and inactions of Defendants Todd Newell and/or Nick Evans were negligent, including but not limited to the failure to properly and adequately asses the need to detain, arrest, and use force against Lovett; the negligent tactics and handling of situation with Lovett; the use of deadly force when none was necessary; the negligent detention, arrest, and us of force against Lovett; the negligent communication of information during the incident  Plaintiffs also allege that Defendant County of Kern is vicariously liable for the wrongful acts of Defendants Newell and Evans.

D. Nicholas Lovett was unarmed.

E. Nicholas Lovett did not cause any injury or threaten anyone while the Deputies were present.

F. Nicholas Lovett did not pose an immediate threat of death or serious bodily injury to others.

G. Hall Ambulance Service Paramedics left the scene prior to the arrival of the Kern County Sheriff's Office Deputies.

**DEFENDANTS:**

A. Deputies Newell and Evans received information as they travelled to the scene of the peace disturbance involving Mr. Lovett that on one of the 911 calls made, the caller did not know whether or not Mr. Lovett was armed.

B. On the night of the incident at issue, numerous 911 calls were made regarding Mr. Lovett acting erratically, hallucinating, being under the influence of drugs, making threats, running through the neighborhood, frightening neighbors by trying to break into a home and chasing his brother up and down the street.  This information was transmitted to the deputies as they traveled to the scene.

C. A Kern County Fire Department unit and a Hall Ambulance unit arrived at the scene before the deputies, however due to the violent behavior of Mr. Lovett, the first responders staged down the street from Mr. Lovett, waiting for law enforcement to secure Mr. Lovett prior to providing their services.

    D. The deputies arrived at the scene and observed Mr. Lovett behaving erratically and gave him orders to lie on the ground, so that he could be handcuffed so that the first responders could provide him with medical aid.

    E. At first Mr. Lovett complied, but then he refused to lie all the way on the ground. Mr. Lovett resisted being placed in handcuffs.  At one-point Mr. Lovett kicked Deputy Newell in the head.

    F. After a brief struggle, Mr. Lovett was handcuffed while prone, then the deputies immediately turned him onto his side.  Mr. Lovett had suddenly stopped making noises, and deputies observed he was non-responsive.  They immediately summoned the Kern County Fire Department paramedics.

    G. At no time did the deputies use excessive force or deadly force; rather Mr. Lovett died as a result of methamphetamine intoxication that resulted in a sudden cardiac arrest.

    H. Defendants deny that any act or omission on their part caused or contributed to Plaintiff's alleged damages; this denial relates to all the legal theories alleged by Plaintiffs.

    I. Defendants deny that deputies Evans and Newell engaged in any wrongful acts or omissions in the course and scope of their employment.

    J. Defendants deny that Plaintiffs are entitled to damages against any of them.

**V.    DISPUTED EVIDENTIARY ISSUES**

  **A. PLAINTIFFS**

Plaintiffs anticipate that Defendants will seek to exclude the computer graphic animation prepared on behalf of Plaintiffs' expert, Dr. Ronald O'Halloran.  The evidence at issue is a demonstrative that will not be admitted.

  **B. DEFENDANTS**

Defendants will seek to exclude the computer graphic animation of the incident produced with plaintiff's expert Dr. O'Halloran's report, as Dr. O'Halloran's written report does not reference the animation, and thus the animation should be excluded

4

pursuant to FRCP, Rule 26(a)(2)(B)(iii).  Dr. O'Halloran testified at his deposition that he did not know anything about a computer-generated animation of the incident.  Only after a break in the deposition and after conferring with counsel did Dr. O'Halloran remember the animation.  Defendants submit that the animation should be excluded as there is no expert testimony regarding how it was created, and further because the animation is more prejudicial than useful.

Defendants will also seek to exclude the modified surveillance video that was produced with plaintiff's expert Scott DeFoe's report, on the basis that it will not aid the jury and will in fact mislead them, in violation of FRE, Rule 403.

At the pretrial conference on October 20, 2022, the Court advised the parties any challenge to admission of the computer graphic animation and modified surveillance video should be brought by pretrial motion in *limine*.  The parties acknowledged they would bring address any such challenge by way of a motion in *limine*.

### VI. **RELIEF SOUGHT**

Plaintiffs seek survivorship, wrongful death, and punitive damages.

### VII. **POINTS OF LAW**

No legal theories or recovery are expected to be in controversy between the parties.

### VIII. **WITNESSES**

Bryan Kitt, 5642 Victor Street, Bakersfield, CA 93308

Clarence Chapman (Expert), 1507 Seventh Street, #350, Santa Monica, CA 90401

Daniel Garcia, 24415 Joshua Avenue, Boron, CA 93516

Donnie Self, 1001 21st Street, Bakersfield, CA 93301

Ernest Goodlander, 24403 Joshua Avenue, Boron, CA 93516

Dr. Franklin Sheridan (Expert) – 385 Summit Avenue, Redlands, CA 92373

Joshua Cowley, 24360 Joshua Avenue, Boron, CA 93516

Kenneth Sexton, 1001 21st Street, Bakersfield, CA 93301

Linda Caywood, 24377 Joshua Avenue, Boron, CA 93516

Michael Levine (Expert) – 3032 Haddington Drive, Los Angeles, CA 90064

1 | Misty Shockey, 24427 Joshua Avenue, Boron, CA 93516
2 | Nathan Hagwood, 12335 Del Oro Street, Boron, CA 93516
3 | Nick Evans, 1350 Norris Road, Bakersfield, CA 93308
4 | Norma Rose, 24393 Joshua Avenue, Boron, CA 93516
5 | Paul Van Gelder, 12663 Esther Street, Boron, CA 93516
6 | Doug Lovett, Plaintiff may be contacted through counsel
7 | Rhonda Hagwood, Plaintiff may be contacted through counsel
8 | Dr. Robert Whitmore, 1832 Flower Street, Bakersfield, CA 93305
9 | Dr. Ronald O'Halloran (Expert) – 2710 Grand Forks Road, Henderson, NV 89052
10 | Sarah Fernandez, 24415 Joshua Avenue, Boron, CA 93516
11 | Scott Defoe (Expert) – P.O. Box 4456, Huntington Beach, CA 92605
12 | Dr. Theodore Chan (Expert) – 1627 Bahia Vista Way, La Jolla, CA 92037
13 | Todd Newell, 1350 Norris Road, Bakersfield, CA 93308
14 | William Anderson, 200 Welsh Road, Horsham, PA 19044

**IX.  EXHIBITS**

**A. Plaintiffs**

1. Audio recording of 911 Calls and Dispatch calls (Exh No. 1).
2. Report of Autopsy for Nicholas Lovett (Exh No. 2).
3. Autopsy photos (Exh No. 3).
4. Audio recordings/Transcripts of interview of Nicholas Evans (Exh No. 4).
5. Audio recording/Transcripts of interview of Todd Newell (Exh No. 5).
6. Audio recording/Transcripts of interview of Linda Caywood (Exh No. 6).
7. Audio recording/Transcripts of interview of Ernest Goodlaner (Exh No. 7).
8. Kern County Sheriff's Office – Use of force – Deadly Force F-700 Policy (Exh No. 8).
9. Photos of the scene (Exh No. 9).
10. Photos of the Decedent with Plaintiffs (Exh No. 10).

    11. Reserved (Exh No. 44-200).

**B. Defendants**

    1. Event Chronology (Exh No. 201).

    2. Audio recording/Transcript of interview of Daniel Garcia (Exh No. 202).

    3. Audio recording/Transcript of interview of Joshua Cowley (Exh No. 203).

    4. Radio traffic (Exh No. 204).

    5. Video surveillance crom 24427 Joshua Avenue (Exh No. 205).

    6. Audio recording and transcript of interview of Rhonda Hagood (Exh No. 206).

    7. Audio recording and transcript of interview of Sarah Michelle Fernandez (Exh No. 207).

    8. Phone interview with Linda Caywood (Exh No. 208).

    9. Overall map of area of incident (Exh No. 209).

    10. KCSO policies produced in discovery (Exh No. 210).

    11. NMS labs toxicology report (Exh No. 211).

    12. Reserved (Exh No. 212-400).

**X. WITNESSES TESTIFYING REMOTELY**

The parties shall meet and confer regarding any witness who cannot appear in person and submit a stipulation if there is agreement or explanation of any dispute no later than **March 27, 2023**.

**XI. STIPULATIONS**

 Defendant Deputies were acting within course and scope of their employment and were working under the color of state law at the time of the incident.

**XII. SETTLEMENT NEGOTIATIONS**

The parties are directed to notify the Court **within ten days of the date of this Pretrial Order**, whether a settlement conference is requested.

7

### XIII. AGREED STATEMENTS

The parties agree that an Agreed Statement of Facts is not feasible or advisable.

### XIV. ATTORNEY FEES

Attorney fees will be sought by Plaintiffs under 28 U.S.C. 1988 after trial has concluded.

### XV. MISCELLANEOUS

None

### XVI. FURTHER TRIAL PREPARATION

#### A. Motions In *Limine* Hearing and Briefing Schedule

The parties anticipate filing pretrial motions involving the aforementioned disputed evidentiary issues and regarding expert testimony. The Court orders the parties' counsel to meet and confer on anticipated motions in *limine* and to distill evidentiary issues. This Court further orders the parties to file motions in *limine* as to only important, critical matters, keeping in mind that most evidentiary issues can be resolved easily with a conference among the Court and counsel. If this Court surmises that the parties have filed motions in *limine* without meaningful, genuine meeting and conferring, this Court may strike the motions in *limine* and not hear them.

The parties, after meaningful and genuine meet and confer efforts, shall file and serve their actually-disputed motions in *limine* no later than **March 10, 2023**. Any response to motions in *limine* shall be filed no later than **March 17, 2023**. Any reply in support of a motion in *limine* shall be filed no later than **March 24, 2023**. The Court will conduct a hearing on the motions in *limine* on **April 7, 2023, at 9:00 AM**, in the Bakersfield Courthouse, 510 19th Street (CDB), unless this Court decides to rule on the motions in *limine* on the briefs. The Court will grant the parties the opportunity to request appearances by telephone or zoom.

Moving and opposition papers must be brief, succinct, and well-organized. The Court encourages each party to consolidate their respective motions in *limine* in a single document, organized by number, and to file oppositions in a single document responding to the numbered issues under the same corresponding headers. For example, if a defendant has five evidentiary issues, it would file one motion that has five headers: Motion in *limine* No. 1; Motion in *limine* No. 2, and so

8

on; and, in response, plaintiffs would file one opposition document organized in the same way. Said another way, in order to maintain a well-organized docket in preparation for trial, the Court discourages parties from filing multiple motions in *limine* in a string of separate docket entries.

### B.  Proposed Jury Instructions and Verdict Forms

The parties shall serve their proposed jury instructions and verdict forms on one another no later than **March 20, 2023**. The parties shall conduct a conference to address their proposed jury instructions and verdict forms no later than **March 27, 2023**. At the conference, the parties shall reach agreement on jury instructions and a verdict form for use at trial. The parties, no later than **March 27, 2023**, shall file and serve all agreed-on jury instructions and an agreed-on verdict form and identify such as the agreed-on jury instructions and verdict form.

No later than **March 27, 2023**, Plaintiffs and Defendants may jointly file and serve proposed jury instructions and identify those jury instructions that are agreed upon by the parties and those that are disputed by either party.

All jury instructions SHALL indicate the party submitting the instruction (i.e., joint/agreed-on, Plaintiff's, or Defendants'), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.

All jury instructions and verdict forms SHALL be e-mailed as a Microsoft Word attachment to cdborders@caed.uscourts.gov no later than **Mach 27, 2023**. Jury instructions and verdict forms will not be given or used unless they are so e-mailed to the Court. The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

Ninth Circuit Model Jury Instructions shall be used where the subject of the instruction is covered by a model instruction. Otherwise CACI or BAJI instructions shall be used where the subject of the instruction is covered by CACI or BAJI. All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be

given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model Jury Instructions, CACI, BAJI, or any other source of pattern instructions, and must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

The Court will conduct a hearing on jury instructions, the verdict form, and any other outstanding pretrial issues on **April 7, 2023, at 9:00 AM** in the Bakersfield Courthouse, 510 19th Street (CDB).

The Court orders the parties to file an agreed-on verdict form no later than **March 27, 2023**. If a party seeks additions to an agreed-on verdict form, that party may file and serve, no later than **March 27, 2023**, a proposed verdict form which includes the agreed-on portions and the additions which are clearly indicated on that party's proposed verdict form. This Court will strike and will not accept separately proposed verdict forms upon which the parties do not agree.

### C. Voir Dire

The Court will conduct a brief voir dire examination of the prospective jurors, after which Counsel will be given an opportunity to conduct brief voir dire examination. To aid the Court in conducting voir dire, counsel shall lodge with the Court no later than **April 7, 2023**, a list of all prospective witnesses, including rebuttal witnesses, that counsel reasonably expect to call. The purpose of the list is to advise the prospective jurors of possible witnesses to determine if a prospective juror is familiar with any potential witness.

#### a. Stipulations to be Read to Jury

The parties are directed to file, no later **March 27, 2023**, any stipulations that are to be read to the jury.

#### b. Trial Exhibits

##### i. *Duty of Counsel to Pre-Mark Exhibits*

No later than **March 20, 2023**, the parties shall exchange their proposed exhibits to the extent they have not already done so. The parties' counsel shall meet and conduct an exhibit conference no

later than **March 27, 2023**, to pre-mark and examine trial exhibits and to prepare exhibit lists, to the extent they have not already done so.

All of Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). All of Defendants' exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX 201, etc.)

### ii. Submission of Trial Exhibits

The original and three copies of all trial exhibits along with exhibit lists shall be submitted to the Courtroom Deputy no later than **April 6, 2023**, in binders. By the same date, counsel additionally shall serve one copy of all trial exhibits along with exhibit lists on each party. The parties' counsel should note that, pursuant to Local Rule 281(b)(11), only those exhibits listed in the parties' pretrial statement will be permitted to be offered into evidence. Therefore, any exhibits submitted which are not listed in the pretrial statement will not be admitted without a showing of good cause or the parties' stipulation.

If the parties desire, they may have an additional set of binders to be used for the purpose of questioning witnesses. All copies submitted to the Court must be legible.

### iii. Exhibit Lists

No later than **March 27, 2023**, the parties shall file and serve their final lists of respective pre-marked exhibits. Only those exhibits that are identified in the parties' joint pretrial statement may appear on the final exhibit list. Further, no exhibit, other than those listed in the final exhibit list, may be admitted at trial unless the parties stipulate or upon a showing that this order should be modified to prevent "manifest injustice." Fed. R. Civ. P. 16(e).

### iv. Objections

This Court will address objections to exhibits as they arise during trial.

### v. Post-Trial Exhibit Retention

Counsel who introduced exhibits at trial shall retrieve the original exhibits from the Courtroom Deputy following the verdict in the case. The parties' counsel shall retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

      *vi.* **Discovery Documents**

The parties shall file a final list of all discovery documents the party intends to use at trial, indicating whether each discovery document has previously been lodged with the Clerk. If the discovery document has not been previously lodged, the party shall so lodge the document with the Courtroom Deputy by **April 3, 2023**.

      *vii.* **Deposition Testimony**

Deposition testimony shall be designated by page and line number, with such designation to be filed and served no later than **March 20, 2023**. Any counter-designation as to the same deposition (also set out by page and line number) shall be filed and served no later than **March 27, 2023**. The original certified transcript of any deposition identified in a designation or counter-designation shall be lodged with the Courtroom Deputy no later than **April 3, 2023**.

    **c. Use of Video and Computers**

Any party wishing to use a videotape or DVD for any purpose during trial shall lodge a copy of the video with the Courtroom Deputy no later than **March 27, 2023**. If a written transcript of audible words on the tape or DVD is available, the Court requests that the transcript be lodged with the Court, solely for the aid of the Court.

If any party intends to use a laptop computer for presentation of evidence or intends to use any other audio/visual equipment belonging to the Court, that party shall contact the Courtroom Deputy no later than **April 3, 2023**, so that any necessary arrangements and/or training may be scheduled.

**D. <u>OBJECTIONS TO PRETRIAL ORDER</u>**

Any party may, within **ten (10) calendar days** after the date of this Order, file and serve written objections to any of the provisions of this Order. Such objections shall specify the requested modifications, corrections, additions, or deletions.

**E. <u>RULES OF CONDUCT DURING TRIAL</u>**

    a. All participants in the trial shall conduct themselves in a civil manner.

    b. Counsel shall advise their respective clients and witnesses not to discuss any aspect of the case in the common areas of the courthouse accessible to jurors, such as the lobby, the elevators, the hallways, etc.

    c. Counsel may use visual aids in presenting opening and closing statements. Any visual aids shall be shown to opposing counsel before the respective statement is made.

    d. Counsel shall have his or her witnesses readily available to testify so that there are no delays in the presentation of evidence to the trier of fact.

    e. At the close of each trial day, counsel shall disclose his or her anticipated witnesses and order of presentation for the next day, so that any scheduling or evidentiary issues may be raised at that time.

    f. An exhibit shall not be published to the jury until it has been admitted into evidence and counsel has secured leave of court to publish the exhibit.

## F. COMPLIANCE WITH THIS ORDER

Compliance with this order and its requirements is mandatory. This Court will strictly enforce the requirements of this pretrial order, especially those pertaining to motions in *limine*, jury instructions and a verdict form. Counsel and parties are subject to sanctions for failure to fully comply with this order and its requirements. This Court will modify this order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

IT IS SO ORDERED.

Dated:  **October 26, 2022**  _____
UNITED STATES MAGISTRATE JUDGE

13